```
             UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF LOUISIANA
```

LAWRENCE SCOTT                              CIVIL ACTION

VERSUS                                      NO: 07-1353

COOPER T. SMITH CORPORATION                 SECTION: "R"

This document pertains to Case Nos. 07-2650 and 07-2760.

### ORDER AND REASONS

Plaintiff Lawrence Scott moves to stay the limitation of liability proceeding in Civil Action No. 07-2650 in order to allow him to pursue his individual claim against defendant Cooper T. Smith Stevedoring Company, Inc. ("Cooper T. Smith"). For the following reasons, the Court DENIES plaintiff's motion.

### I. BACKGROUND

On May 2, 2007, plaintiff sued Cooper T. Smith alleging that he sustained injuries on June 25, 2006 while working as a deckhand for Cooper T. Smith on the Barge Dee J 215. On April 25, 2007, AEP MEMCO, LLC, Blaske Marine, Inc., and LIFF Limited

Partnership (operators, managing agents, and owners of the barge), filed a separate limitation action seeking to limit their liability for any accident related to the Barge Dee J 215 to $75,000. (*See* Compl., R. Doc. 1, Civ. Act. No. 07-2650). On August 27, 2007, Scott answered the limitation complaint and alleged a claim against Cooper T. Smith and AEP MEMCO for injuries he sustained aboard the Barge Dee J 215. Scott further sought damages in the amount of $4,050,000.

On November 8, 2007, Cooper T. Smith moved to transfer Scott's case and another action filed against it involving the Barge Dee J 215 (*see* Civ. Act. No. 07-1353) to Section R so that they could be consolidated with the limitation proceeding. While Cooper T. Smith's motions to transfer were pending, Scott filed a motion to stay the limitation of liability proceedings in Section L. Soon thereafter, Judge Fallon granted Cooper T. Smith's motions, and Civil Actions 07-1353 and 07-2760 were transferred to section R for consolidation with the limitation action.

Scott moves to stay the limitation action while he pursues his individual claim against Cooper T. Smith. Cooper T. Smith contends that Scott has not shown that the necessary requirements to stay a limitation action are present in this case.

**II. DISCUSSION**

A shipowner facing potential liability for a maritime accident may file suit in federal court seeking protection under the Limitation of Liability Act, 46 U.S.C. § 30505 (formerly 46 U.S.C. § 183). This Act allows a shipowner to limit its liability for damages arising out of an accident to the value of the vessel and its pending freight at the time of the accident. In relevant part, the statute provides:

> [T]he liability of the owner of a vessel for any claim, debt, or liability described in subsection (b) shall not exceed the value of the vessel and pending freight. If the vessel has more than one owner, the proportionate share of the liability of any one owner shall not exceed that owner's proportionate interest in the vessel and pending freight.

46 U.S.C. § 30505(a). A federal district court sitting in admiralty has exclusive jurisdiction to determine if the owner is entitled to limit liability to the value of the vessel and its pending freight. *See Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438 (2001). The general rule in a limitation proceeding is to stay other actions pending the outcome of the limitation proceeding. *See In Re Cooper T. Smith Stevedoring Co., Inc.* 1991 WL 220390 (E.D. La. 1991). There are two situations, however, in which a federal court presiding over a limitation proceeding must stay the limitation proceeding and

allow individual actions to proceed: (1) when the shipowner's declared value of the vessel and its freight exceeds the aggregate amount of the claims against it; and (2) when all claimants stipulate that the federal court has exclusive jurisdiction over the limitation proceeding and that they will not seek to enforce a judgment in excess of the value of the ship and its freight until the shipowner's right to limitation has been adjudicated by the federal court. *In re Tetra Applied Techs. L.P.*, 362 F.3d 338, 341 (5th Cir. 2004) (citing *Odeco Oil and Gas Co. v. Bonnette*, 4 F.3d 401, 404 (5th Cir. 1993)). These requirements are necessary to protect the vessel owner's right to seek limited liability in federal court. *Lewis*, 531 U.S. at 453; *Odeco*, 74 F.3d 671, 674 (5th Cir. 1996).

In the instant matter, plaintiff has not met either of the conditions necessary to stay the limitation proceeding.  First, the barge owners' declared value of the Barge Dee J 215 is $75,000.00 dollars.  Scott alone has alleged damages in excess of $4 million dollars.  The owners' declared value of the vessel, therefore, does not exceed the aggregate amount of the claims against it.  Second, neither Scott, nor any other claimant, in the limitation proceeding has offered the necessary stipulations required to protect the vessels owners' rights under the Limitation Act.  When dealing with claims of

4

contribution or indemnity, the Fifth Circuit has held that all claimants, whether seeking damages in tort, indemnity or contribution from a co-defendant, must sign the appropriate stipulations before a district court may lift the stay in a limitation proceeding. *See e.g., In re ADM/Growmark River System, Inc.,* 234 F.3d 881 (5th Cir. 2000).

As Scott has not offered the necessary stipulations and the amount he seeks to recover exceeds the barge owners' declared value of the vessel, there is no basis for the Court to stay the limitation proceeding.

## III. CONCLUSION

For the reasons stated above, the Court DENIES plaintiff's motion to stay the limitation of liability proceeding.

New Orleans, Louisiana, this  19th   day of February, 2008.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT COURT